IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERRENCE EDWARD HAMMOCK,<br><br>  Petitioner,<br><br>v.<br><br>DIRECTOR/WARDEN GAIL WATTS,<br>HON. JUDGE MS. ELISEBETH BOOTHE,<br><br>  Respondents. | Civil Action No.:  DLB-21-2467 |

**MEMORANDUM**

Terrence Edward Hammock filed a petition for writ of habeas corpus along with a motion to proceed in forma pauperis.  ECF 1, 2.  The motion shall be granted and, for the reasons that follow, the petition shall be dismissed for lack of jurisdiction.

Mr. Hammock seeks expungement of two robbery convictions for which the Circuit Court for Baltimore City sentenced him in 1985 and 1994.  ECF 1, at 1, 5.  He states that he received a 15-year sentence, but he does not identify which conviction resulted in that sentence.  He argues that the Court should grant his request because he was a juvenile at the time of the first conviction and he had no knowledge that he could file a federal petition for writ of habeas corpus.  *Id*. at 5.  He also contends that expungement is appropriate because the convictions are more than 15 years old and "if a period of more than 15 years has elapsed since the date of conviction it cannot be use[d] for any purpose against the petitioner" under Md. Rule 5-609.  *Id.*

To the extent that the petition may be construed as one filed pursuant to 28 U.S.C. § 2254, relief is not available because Mr. Hammock is no longer "in custody" pursuant to the challenged judgments.  *See* 28 U.S.C. § 2254(a) (permitting person "in custody pursuant to the judgment of a State court" to file a habeas petition in federal court); *Maleng v. Cook*, 490 U.S. 488, 490–91

(1989) (habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed").  When a sentence has expired, a petitioner cannot challenge that sentence through a habeas petition even if the expired sentence enhanced a sentence that has not yet expired.  *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401–02 (2001).  When a habeas petitioner is not in custody pursuant to the challenged judgments, this Court does not have jurisdiction to award relief on the alleged errors in the petitioner's state court convictions.  *See id.* at 400–01.

To the extent that Mr. Hammock seeks mandamus relief requiring the Circuit Court for Baltimore City (or any other state court) to expunge his convictions, this Court does not have jurisdiction to issue a writ of mandamus ordering a state court to act.  *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); s*ee also* 28 U.S.C. § 1361.  Moreover, writ of mandamus provides extraordinary relief, available only when there are no other means by which to grant the relief.  *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).  Although this Court makes no judgment on the merits of petitioner's claims, expungement of state convictions is a remedy available in state court.  *See* Md. Rules 4-511 and 11-601.  The petition shall be dismissed without prejudice for lack of jurisdiction by separate order which follows.

November 29, 2021
Date

Deborah L. Boardman
United States District Judge